## DAVID S. JONES vs. DAVID N. CARPENTER.

Under the Rev. Sts. c. 97, if A. recovers a judgment for costs against an administrator who sues him in the capacity of administrator, and who, in the same capacity, recovers a judgment against A., the execution on A.'s judgment (except so much thereof as may be due to A.'s attorney) may be set off, if required by the administrator, against the execution on his judgment against A.; the administrator being creditor in the latter execution, in the same capacity and trust in which he is debtor in the former.

THIS was an action of trespass upon the case, brought by the assignee of James Jones, 2d, an insolvent debtor, against a deputy sheriff, for said deputy's neglect to serve an execution in favor of said James.

At the trial in the court of common pleas, before *Cushing*, J. it appeared that said James Jones, 2d, at the March term of said court, in 1843, recovered judgment against Almon Brainard, administrator of the estate of Timothy Lathrop, for the sum of $44·51, costs of suit; that execution issued thereon, on the 24th of April 1843, against the property and bod of said Brainard; that said Brainard, administrator as afore said, at the August term of said court, in 1842, recovered judgment against said James Jones, 2d, for the sum of $70·07, damages, and $9·81, costs of suit, and that an alias execution issued thereon, on the 27th of April 1843; that said Brainard, on the 28th of April 1843, paid to the attorney of said James Jones, 2d, on the first mentioned execution, that part of the costs which belonged to said attorney, viz. the sum of $24·84; that both of said executions were afterwards put into the hands of the defendant, for service; and that he made the following return on said first mentioned execution:

"June 26th 1843. By virtue of this execution, having in my hands an execution in favor of Almon Brainard, administrator of the estate of Timothy Lathrop, the same being put into my hands by said Brainard, with directions to offset said execution, I have applied the balance of this execution, being $19·92, on the execution in favor of said Brainard, administrator as aforesaid, against James Jones 2d, in offset, in full satisfaction thereof, according to law, and so return this exe· cution satisfied in full.        D. N. Carpenter, D. Sheriff."

The counsel for the plaintiff requested the court to instruct the jury, that the plaintiff in the one execution was not, in the same capacity and trust, the defendant in the other execution, and consequently the defendant had no right to offset the executions, but should have levied the execution in favor of said James Jones 2d on the property or body of said Brainard. But the court instructed the jury, that the plaintiff in the one execution was, in the same capacity and trust, the defendant in the other, and that the defendant had a right to offset the executions.

The jury found a verdict for the defendant, and the plaintiff alleged exceptions to the said instruction.

*Alvord*, for the plaintiff. By the Rev. Sts. *c.* 67, § 11, and *c.* 110, § 3, " when judgment is recovered against an executor or administrator for costs only, the execution shall be awarded against his body, and his goods and estate, as if it were for his wn debt." And by the Rev. Sts. *c.* 97, § 76, "set-off shall not be allowed when the creditor in one of the executions is not, in the same capacity and trust, the debtor in the other." Brainard was not entitled, in his personal capacity, to the money due on his execution against Jones; but he was liable, in his personal capacity, for the costs recovered against him by Jones. He, therefore, was not creditor in one execution in the same capacity in which he was debtor in the other.

*Brainard*, for the defendant. The Rev. Sts. *c.* 97, § 74, authorize the set-off of executions between the same parties. But it is not necessary that the parties should be nominally the same ; it is sufficient that they are virtually the same. *Barrett* v. *Barrett*, 8 Pick. 342. The liability of the administrator to pay the execution against him out of his personal funds does not alter the capacity and trust in which he was sued. See Rev. Sts. *c.* 96, §§ 14, 15.

DEWEY, J. This set-off was properly allowed. It was objected that the creditor in one execution was not, in the same capacity, the debtor in the other. In both of the executions the party was described as administrator of the estate of Timothy Lathrop. But then it is said that the execution against

the administrator, being for costs only, is to be levied upon the body of such administrator, or the goods and estate held in his own right; and therefore the case is not within the Rev. Sts. *c.* 97, § 74. In the opinion of the court, this creates no valid objection to a set-off. It may be beneficial to the estate of Lathrop that it be allowed, as the costs recovered of the administrator, although primarily chargeable upon him, are to be allowed to him in his administration account, "unless it shall appear to the judge of probate that the suit was commenced or prosecuted unnecessarily, or without any reasonable cause." Rev. Sts. *c.* 67, § 11. It comes within the spirit of the statute, and indeed within the very language, if we apply it to the description of the parties.

We think the set-off was proper, and that the ruling of the judge of the court of common pleas was correct.

*Exceptions overruled.*